## NISKERN v. CHICAGO, M. & ST. P. RY. Co.[1]

*(Circuit Court, D. Minnesota. December Term, 1884.)*

1. RAILROAD COMPANIES—FIRES CAUSED BY SPARKS—BURDEN OF PROOF—PRESUMPTION OF NEGLIGENCE--GEN. ST. MINN. 1878, CH. 34, § 60.

    In an action under the Minnesota statute against a railroad company to recover damages for destruction of property, caused by fire set out by sparks or coals from an engine, the burden of proof is on the plaintiff to show that the fire was caused as alleged, but when this is proven, a *prima facie* case of negligence is made out, and the burden is shifted to the company to rebut the presumption of negligence thus raised, by proof that it performed its whole duty in the premises, and did not use a defective engine, or manage it in an unskillful manner.

2. SAME—CONTRIBUTORY NEGLIGENCE.

    When the railroad company fails to overcome the presumption of negligence thus raised, the plaintiff will be entitled to recover, unless the company prove that he was himself guilty of negligence which contributed to the destruction of his property.

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

Action against a Railroad Company to recover damages caused by fire set out by sparks from locomotive.

*Marsh & Searles* and *Mr. Hodgson*, for plaintiff.

*W. H. Norris* and *Bigelow, Flandrau & Squires*, for defendant.

NELSON, J., (*charging jury.*)   This case is one of considerable importance.   The questions presented are those peculiarly and eminently the province of a jury to decide.   They are issues of fact.   The law applicable to the facts of this case, I think, is quite simple.   I am satisfied you will investigate these issues without prejudice or sympathy, and solely with a view of arriving at the truth.   The case is an important one, and I have given both parties full opportunity, in the examination of their witnesses, to present all the facts so as to enable you to arrive at the truth.   You have patiently and attentively listened to all of the evidence, and I have no doubt you will be able to give a satisfactory and conscientious verdict.

The plaintiff, Martin Niskern, in 1879, owned a hotel, in which he resided, and out-buildings, including a livery stable and barn, situated in the village of Farmington, in the state of Minnesota.   On the night of November 22d of that year all the buildings and contents, valued at $6,408, were destroyed by fire.   The plaintiff brings this action against the defendant, the railroad company, to recover compensation for the loss, and charges that the fire was caused by the negligence of the defendant.   Niskern's real property, on which the buildings were located, adjoined on the east the land owned by the defendant, who operated a railroad running nearly north and south through its land.

The defendant also operated a railroad running nearly east and west, which crossed its north and south road some distance north of the point where Niskern's land joined the defendant's, and by a V track both roads were connected, which enabled trains to pass from one track to the other.   On the night of the fire, about 9 o'clock in the evening, a train came up from the east and passed onto the track running north and south of the company's land, west of Niskern's property, and the locomotive was operated on the tracks running north and south, the depot being there, and the company's wood, and water-tank.   It is claimed by Niskern that while the locomotive was on one of the tracks running north and south, a stack of corn-stalks piled up against his barn was set on fire, by sparks or coals communicated to it from this locomotive, by the negligence of the company.   The defendant was in the performance of its authorized and chartered privileges in running this train; so you will perceive that the gist of this action is negligence,—an alleged failure to perform a duty which it owed the plaintiff.

The first question to be determined by you is this:   Did the sparks or coals emitted from this locomotive of the defendant set fire to the plaintiff's property?   An answer to this question in the affirmative is vital to the success of the plaintiff.   Your decision on this issue,

if in the negative, settles the controversy.   The burden of proof is upon the plaintiff—that is, upon Niskern—to satisfy you, by a fair preponderance of the evidence, that the fire, which he claims started in the corn-stalks which were piled up against the barn, came from the locomotive.   If the sparks from this locomotive, whether from the smoke-stack or from the ash-pan, did not cause the fire, there is no foundation for this cause of action.   To determine this first question in the case,—to-wit, was the fire which destroyed this property set by sparks or coals from the defendant's locomotive?—you must take into consideration all the facts and circumstances testified to, tending to throw light upon this issue.

You must judge of the credibility of the witnesses on both sides, the weight to be given to their evidence, and the probabilities of the truth of their statements, their opportunities for knowledge, their interest in the subject-matter of the suit, the manner in which their testimony is given, and every circumstance in the case which the testimony discloses.   You must consider all the evidence, and all the facts and circumstances submitted to you, bearing upon this question; not only the evidence introduced by plaintiff to prove that the fire was communicated from this locomotive to the corn-stalks, but also the evidence of the defendant's witnesses in regard to the probabilities of fire being communicated to the barn and corn-stalks from other sources; and, after full consideration of the testimony bearing upon this issue, determine the origin of the fire, recollecting that the burden of proof is upon the plaintiff to satisfy you, by the weight of evidence, that the corn-stalks were set on fire by the locomotive.   This is the plaintiff's theory of the origin of the fire.   He says that this fire was communicated from the locomotive to the corn-stalks which burned up his property.   That is his theory of the case.   If, upon full consideration, you should determine that the fire which destroyed this property was not set by defendant's locomotive, then, of course, the plaintiff cannot recover in this action, and the defendant will be entitled to your verdict.   That is the first question for you to determine.

But if, after full deliberation, considering all the testimony tending to show the origin of the fire, you believe that the plaintiff, by a fair preponderance of evidence, has proved that the fire was communicated from this locomotive, and that the fire was started in the corn-stalks piled up against the plaintiff's barn by sparks or coals scattered or thrown from this locomotive, then you will still further consider the case in the light of the statute which I will read to you.   I might here state that on this statute the plaintiff virtually rests his case. This statute enacts—although it might be, perhaps, the rule without the statute—that "all railroad companies or corporations, operating or running cars or steam-engines over roads in this state, shall be liable, to any party aggrieved, for all damage caused by fire being scattered or thrown from said cars or engines, without the owner or owners of

the property so damaged being required to show defects in their engines, or negligence on the part of their employes; but the fact of such fire being so scattered or thrown shall be construed, by all courts having jurisdiction, as *prima facie* evidence of such negligence or defect;" that is, if you are satisfied that the fire communicated to the corn-stalks from this locomotive, then the negligence of the company is established *prima facie*, and they are not required to go any further. If the first issue is found in favor of the plaintiff in this case, then it is presumed, for all purposes of the case, that the company was negligent and responsible for the destruction of the property.

"Provided, that the said railroad corporation may show, upon the trial of any action, that said damage arose from the default or negligence of the party injured." This statute shifts the burden of proof from the plaintiff to the defendant, and raises a legal presumption of the defendant's negligence. It says to you, if the plaintiff in this case, upon whom the burden of proof rests, has, by the weight of evidence, proved to your satisfaction that this locomotive set fire to and destroyed the plaintiff's property, then this locomotive is presumed to have been defective, or the employes of the company who operated it are presumed to have been negligent. As I said before, the plaintiff relies on this statute; there is no direct evidence here to show to you that this engine was defective at that time, or that the engineer in charge of it was incompetent or unskillful. In other words, if the plaintiff has established to your satisfaction that fire scattered or thrown from the locomotive destroyed his property, a *prima facie* case of negligence on the part of the defendant is made out, and the plaintiff is entitled to recover compensation, unless the company proves that it did its duty in the premises, and was not guilty of negligence. The burden of proof here is upon the defendant to show you, by satisfactory evidence, that the locomotive was properly constructed, and that it was equipped with the best mechanical contrivances and inventions known in practical use at that time, which were effective in preventing the burning of private property by the escape of sparks and coals from its locomotives, and that competent and skillful employes were operating it.

The company must furnish satisfactory evidence that the locomotive was thus properly constructed, and managed with all the care and caution which the circumstances required. It was not required to stop the operation of its road because the wind was blowing strong from the north-west towards the plaintiff's property at that time; nor was it required to lay up its train because it was passing through a village where wooden buildings and private property were near its track and exposed to fire and sparks. It performed all of its duty in the premises if the locomotive was properly equipped with the best appliances for arresting and preventing the escape of sparks or coals, and was operated with the requisite care and caution. Of course a higher degree of care was required to be exercised in passing such a

town, where wooden buildings are exposed, than in passing through an open country, where buildings and private property would not be endangered.

In determining whether the defendant has overcome the *prima facie* case of negligence which results from the law, in case you believe the locomotive set fire to the property, you must consider and properly weigh all the evidence which has been given you by the engineers and machinists, who are familiar with locomotives and their proper construction.

The defendant is required to overcome a *prima facie* case of negligence which the law raises, and it must do this by satisfying you that it performed its whole duty, and did not use a defective locomotive or manage it in an unskillful manner. If, upon this issue of fact, you find that the company have not been at fault or negligent, then, in that case, although you should believe from the evidence that the property was destroyed by fire from this locomotive, yet the plaintiff cannot recover, and your verdict must be for the defendant. The first issue is, did the locomotive set fire to this property? If it did, has the defendant overcome the *prima facie* case of negligence which is raised by the law? If it has, then, although you find the first issue in favor of the plaintiff, still, he cannot recover if you find the second issue in favor of the defendant, and that entitles the defendant to a verdict. But if, in your opinion, the defendant has not overcome the presumption raised by the statute, and you believe that the fire from the locomotive destroyed the property by the negligence of the defendant, then the plaintiff is entitled to a verdict, unless he was also guilty of negligence which contributed to the destruction of his property.

The statute of this state makes this provision: that a railroad company may show, upon the trial of any action, that the damage arose from the default or negligence of the party injured; that is, what is called contributory negligence. The rule of the common law is that "one who, by his negligence, has brought an injury upon himself, cannot recover damages for it;" and this rule is enunciated and made a part of this statute, which is nothing more than the common-law rule of contributory negligence. If you find that the railroad company was negligent in this case, then it is for you to decide whether the destruction of Niskern's property was occasioned entirely by the negligence or improper conduct of the railroad company, or whether he himself so far contributed to the destruction of the property by his own negligence that, but for such negligence and want of care and caution on his part, the property would not have burned. If the loss was occasioned entirely by the defendant's negligence, then Niskern can recover, and is entitled to a verdict. But if his own want of care contributed to the destruction of his property, then he cannot recover, although the defendant was negligent in the management of its locomotive. The diligence in this respect required of the plaintiff to

avoid the destruction of his property, by fire scattered or thrown from a locomotive, is such care and attention a prudent and careful man, under such circumstances, would exercise with 'regard to the preservation of his property from fire thrown or scattered from a locomotive. Niskern piled up against his barn, which he had never done before, a stack of corn-stalks, alleged to be combustible matter, so as to endanger its taking fire from the sparks from a locomotive; and it is urged that a prudent and careful man, under the circumstances, would not have done so.

While Niskern, in the use of his property, had a right to presume that the railroad company would not be guilty of negligence, and was not required to anticipate any negligent act or omission on its part, yet he is required to be free from fault, and not contribute, by his own negligence, to the loss which he suffered. So, gentlemen, it is for you to determine, from all the evidence in the case, whether the defendant, this railroad company, upon whom the burden of proof rests, has upon this branch of the case proved that Niskern contributed to the loss of his property by his own negligence. If he did, he cannot recover. If the defendant has not proved him to be negligent in piling the corn-stalks, then, if the destruction by fire of the plaintiff's property was occasioned entirely by the defendant's negligence, the plaintiff is entitled to a verdict. This is about all the law there is in the case. I have been requested by counsel on both sides to deliver certain instructions to you. I think I have covered most of them in my general charge, and decline to do so.

The jury found a verdict for defendant.